d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NIKITA CHEMAKIN #A249-267-778, Plaintiff | CIVIL DOCKET NO. 1:26-CV-02589 SEC P |
| VERSUS | JUDGE EDWARDS |
| WARDEN CENTRAL LOUISIANA I C E PROCESSING CENTER ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

---

## MEMORANDUM ORDER

Before the Court is a Motion for Discovery Order (ECF No. 12) filed by Petitioner, through counsel, in this 28 U.S.C. § 2241 proceeding challenging his detention after a final order of removal. Respondents oppose. ECF No. 14. After briefing and oral argument, the parties narrowed the scope of the dispute to Petitioner's request for communications about efforts to remove him.

Because Petitioner has shown good cause for that remaining category of discovery, the Motion is GRANTED IN PART and DENIED IN PART.

## I. Background

Petitioner is a native and citizen of Russia. ECF No. 16-4 ¶ 4. His removal order became administratively final on January 14, 2026. *Id.* ¶ 6; ECF No. 16-3. He claims that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), because removal to Russia is not significantly likely in the reasonably foreseeable future. ECF No. 1 at 2, 6.

Initially, Petitioner sought eight categories of records. The remaining two are: (1) communications "between Respondents and ERO regarding removal efforts," and (b) communications "between ERO and any third countries or its agents." ECF No. 12 at 2, 4. Respondents initially opposed the requested discovery, relying largely upon the unsworn declaration of an ICE Enforcement and Removal Operations Assistant Field Office Directo Matthew W. Reaves (the "Declaration"). ECF No. 16-4.

However, at oral argument, Respondents agreed that tailored communications bearing on Petitioner's removal efforts and supporting the Reaves declaration would be relevant and appropriately discoverable. The Declaration recounts a series of communications that would seem to fall within that category, as may other available documents:

- a travel document request ("TDR") routed between ERO New Orleans and ERO Headquarters, then mailed to the Russian consulate on March 26, 2026;
- advisories from Headquarters on June 1 and July 1 that the TDR awaits Russian citizenship verification;
- an August 17 report of "no updates"; and
- an August 31 email from Headquarters to the consulate asking for a status update.
  ECF No. 16-4 ¶¶ 10–21. The Response relies on this history to assert that ERO "has been in regular communication with the Russian consulate" and that removal is foreseeable. ECF No. 16 at 7–8. None of the underlying communications is in the record.

*Id.*

## II. Law and Analysis

The writ of habeas corpus is "the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action." *Harris v. Nelson*, 394 U.S. 286, 290–91 (1969). Although habeas proceedings are characterized as civil, the

proceeding is "unique," and conforms with typical civil practice "only in a general sense." *Id.* at 293–94. Discovery is governed by habeas-specific rules, not by the civil discovery rules of their own force. *See id.* at 293–300; Rules Governing § 2254 Cases, R. 6(a), 12.

Accordingly, habeas petitions are "not entitled to discovery as a matter of ordinary course," but a judge may, "for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); Rules Governing § 2254 Cases, R. 6(a). A petitioner demonstrates good cause for discovery "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Hampton v. Cain*, No. 12-CV-2646, 2015 WL 14036611, at *1 (W.D. La. Mar. 30, 2015) (*Bracy*, 117 S.Ct. 1793, 1799 (1997)).[1]

Under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), once a detainee provides good reason to believe that removal is not significantly likely in the reasonably foreseeable future, "the Government must respond with evidence sufficient to rebut that showing." The scope of permissible discovery here is defined by what bears on whether removal is significantly likely in the reasonably foreseeable future. *See*

[1] Sworn evidence, not a declaration, would have been the ordinary course. *See* 28 U.S.C. § 2246 (contemplating that affidavit evidence in habeas proceedings is subject to interrogatories or answering affidavits); Rules Governing § 2254 Cases R. 7(b), R. 1(b) (affidavits and documentary exhibits are part of the record-development apparatus in habeas cases, applicable to § 2241 at the court's discretion). Absent an affidavit, and given the factual inconsistency already noted above, any declaration relied upon should at minimum be supported by the underlying documentation rather than conclusory assertion. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Gonzalez v. Gills*, No. 20-60547, 2022 WL 1056099, at *1 (5th Cir. Apr. 8, 2022) (per curiam) (unpublished).

*Bracy*, 520 U.S. at 904 (1997) ("Before addressing whether [a] petitioner is entitled to discovery, his claim's essential elements must be identified."). And ERO's underlying correspondence, including with a potential receiving country — material that would, by nature, bear upon whether Petitioner's removal is likely — is central to Petitioner's claims, as the parties agreed. It is therefore discoverable at this point.

## III. Conclusion

Accordingly, IT IS ORDERED that the Motion for Discovery Order (ECF No. 12) is GRANTED IN PART as follows: Within seven (7) days, Respondents shall produce to Petitioner's counsel the following: (a) any and all communications between Respondents and ERO regarding removal efforts; and (b) any and all communications between ERO and any third countries or its agents.

IT IS FURTHER ORDERED that the Motion is DENIED AS MOOT in all other respects.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 18th day of September, 2026.

SIGNED on Friday, September 18, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE